UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    *Plaintiff,*

    *v.*

Case No. 2:20-CR-20594
Chief Judge Denise Page Hood

AMIN HASANZADEH,

    *Defendant.*

**MOTION FOR PRETRIAL RELEASE AND PROPOSED RELEASE PLAN**

Pursuant to Local Rule 7.1, counsel for the defendant has consulted with Assistant United States Attorney Douglas C. Salzenstein and counsel for the defendant is authorized to state that Mr. Salzenstein concurs in the specific relief sought in this motion.

Amin Hasanzadeh, by his attorneys, Strang Bradley, LLC, by John H. Bradley respectfully move the Court for an order authorizing his pretrial release pursuant to 18 U.S. Code § 3142(a)(2) and (c).

## Specific Release Plan

The parties jointly agree to the Court setting a personal $10,000 unsecured bond, in accordance with the Court's standard bond conditions and the following additional provisions.

**First**, before a $10,000 unsecured bond is issued, defense counsel will provide Pretrial Services with the location where Hasanzadeh will reside and the names and phone numbers of all current adult occupants of the location. Pretrial Services will, thereafter, verify with those adult occupants that Hasanzadeh has permission to live at the residence and that the residence is a suitable bond location. Pretrial services shall report its findings to the parties and the Court before any bond is issued.

**Second**, Defendant Hasanzadeh agrees to the Eastern District of Michigan's standard bond conditions (1-5 below) and the following additional conditions of release. Defendant Hasanzadeh must:

(1)  not violate federal, state or local law while on release;

(2)  cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a;

(3) advise the court or the Pretrial Services office or supervising officer in writing before making any change of residence or telephone number;

(4) appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose;

(5) sign an Appearance Bond, if ordered;

(6) reside at the address provided to Pretrial Services (discussed above) and do not move without permission;

(7) report, as directed, to Pretrial Services;

(8) actively seek employment;

(9) not obtain a passport or other international travel documents;

(10) restrict his travel to the Eastern District of Michigan unless the defendant receives advance approval from the Pretrial Services office, his supervising officer, or the court;

(11) not possess a firearm, destructive device, or other weapon;

(12) avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including but not limited to all current and former employees of

Company A (known to the defendant) as well as the business location of Company A;

(13) avoid all contact, directly or indirectly, with the law enforcement agents investigating this case (list will be provided to defense counsel and Pretrial Services), except for court appearances/hearings and/or as otherwise negotiated between counsel;

(14) submit to a mental health evaluation as directed by Pretrial Services;

(15) submit to mental health counseling and treatment as directed by Pretrial Services and take all prescribed medication as directed by his treating physician(s);

(16) participate in the following location restriction program and comply with requirements as directed—Curfew, Defendant is restricted to his residence as directed by Pretrial Services;

(17) submit to GPS location monitoring as selected and directed by Pretrial Services and comply with all of the program requirements and instructions provided; and

(18) if not performed before release, within one (1) business day of release, report to pretrial services for placement of an electronic GPS monitor pursuant to paragraph (17) and to sign and acknowledge the

bond papers and advice of penalties and sanctions that will occur if any of the foregoing bond conditions are violated.

**Third**, Defendant Hasanzadeh shall be subjected to a 14-day quarantine before release.

Dated: January 7, 2021.

        Respectfully submitted,

        AMIN HASANZADEH, *Defendant*

        /s/ John H. Bradley
        John H. Bradley
        STRANG BRADLEY, LLC
        33 E. Main St., Ste. 400
        Madison, WI 53703
        (608) 535-1550
        John@StrangBradley.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    *Plaintiff,*

    *v.*

Case No. 2:20-CR-20594
Chief Judge Denise Page Hood

AMIN HASANZADEH,

    *Defendant.*

**BRIEF IN SUPPORT OF
MOTION FOR PRETRIAL RELEASE AND PROPOSED RELEASE PLAN**

Amin Hasanzadeh, by his attorneys, Strang Bradley, LLC, by John H. Bradley respectfully move the Court for an order authorizing his pretrial release pursuant to 18 U.S. Code § 3142(a)(2) and (c).

**Introduction**

On November 6, 2019, Amin Hasanzadeh was arrested by federal agents pursuant to an arrest warrant. He first appeared in Court for an Initial Appearance later that same day. Mr. Hasanzadeh was ordered to remain in custody pending a detention hearing scheduled for November 8, 2019. Mr. Hasanzadeh was charged by a criminal complaint with allegedly committing two offenses: interstate transportation of stolen property

(including conspiracy) in violation of 18 U.S.C. §§ 2314, 371, and fraud and misuse of visas, permits and other documents in violation of 18 U.S.C. § 1546.

At Mr. Hasanzadeh's detention hearing on November 8, 2019, Magistrate Judge Elizabeth Stafford ordered that Mr. Hasanzadeh be detained pending trial finding, by a preponderance of the evidence, that no conditions or combinations of conditions could ensure Hasanzadeh's appearance. Mr. Hasanzadeh now requests that this Court review the November 8, 2019 detention order, and order that Mr. Hasanzadeh be released on a $10,000 unsecured bond along with the Court's standard bond conditions as well as the specific provisions outlined in the below release plan.

**Factual Background**

Amin Hasanzadeh was arrested on a Criminal Complaint and arrest warrant on November 6, 2019. Mr. Hasanzadeh appeared before a United States Magistrate Judge in the Eastern District of Michican on the day of his arrest. On the government's motion, the Court entered an Order of Temporary Detention.

Amin Hasanzadeh returned to court on November 8, 2019, with retained counsel. The matter was heard by the Magistrate Judge Elizabeth

Stafford. At the hearing, the government requested that the Court issue an order that Mr. Hasanzadeh be detained pending trial. Magistrate Judge Stafford ordered that Mr. Hasanzadeh be detained pending trial finding, by a preponderance of the evidence, that no conditions or combinations of conditions could ensure Hasanzadeh's appearance.

Since November 8, 2019, the parties have engaged in lengthy pre-indictment negotiations in an effort to resolve this matter pre-indictment and have engaged in limited pre-indictment discovery. For over a one-year period, Mr. Hasanzadeh has agreed to remain in custody, adjourn the preliminary examination date, extend the time for indictment, and execute statute of limitations waivers six separate times. During this time, Mr. Hasanzadeh, with counsel, voluntarily met with the Assistant United States Attorney and the FBI agent assigned to this case. Despite the parties' good faith efforts, the case was unable to resolve pre-indictment.

As a result, on December 16, 2020, the grand jury handed down an eight count indictment. Count One charged Hasanzadeh with conspiracy to unlawfully export technology to Iran and to defraud the United States, in violation of 50 U.S.C. § 1705 and 31 C.F.R. Parts 560.203, 560.204, and 560.418, and Counts Two through Eight charged Hasanzadeh with the unlawful

export of technology to Iran, in violation of 50 U.S.C. § 1705 and 31 C.F.R. Parts 560.203, 560.204, and 560.418.

After the indictment was handed down, the parties consulted as to whether circumstances have changed since November 8, 2019 that would permit conditions that would ensure Hasanzadeh's appearance. The parties jointly agree that certain circumstances that were relied upon at the November 8, 2019 detention hearing have changed and, therefore, it would be suitable for Mr. Hasanzadeh to be released on bond pending trial with certain conditions. Pretrial Services has prepared an updated report recommending that Mr. Hasanzadeh be released on a $10,000 unsecured bond with five specific conditions. The parties have discussed this and jointly agree that it would be suitable for Mr. Hasanzadeh to be released on a $10,000 Unsecured Bond with more restrictive conditions than recommended by the Pretrial Services report recommends.

## Legal Background

Consistent with the legislative history and a defendant's presumption of innocence, the statutory scheme of 18 U.S. Code § 3142 generally favors the pretrial release of defendants. See 18 U.S. Code § 3142(b); *United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985). The statute provides that a judge "shall

order pretrial release" of an accused on personal recognizance or unsecured appearance bond "unless" the judge determines that the defendant's release "will not reasonably assure" the defendant's appearance. 18 U.S. Code § 3142(b). If release under 18 U.S. Code § 3142(b) is not appropriate, a judge "shall order the pretrial release" of a defendant "subject to the least restrictive further condition, or combinations of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S. Code § 3142(c)(1)(B). "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *Orta*, 760 F.2d at 891. Only after a hearing and a finding that "no condition or combination of conditions will reasonably assure the appearance" of the defendant, can the judge order a defendant's pretrial detention. 18 U.S. Code § 3142(e). A finding against release must be supported by clear and convincing evidence. 18 U.S. Code § 3142(f). 4

A defendant charged with an offense may be released on personal recognizance, released on conditions, temporarily detained to permit revocation of conditional release, or detained. 18 U.S. Code § 3142(a) & (e). Release may be denied only when there are no conditions that will

reasonably assure the appearance of the defendant and the safety of the community. 18 U.S. Code § 3142(e); *United States v. Chen*, 820 F.Supp. 1205, 1207 (N.D. Cal. 1992). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in favor of release." *Id.* (citing *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir.1991)); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir.1985).

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the court considers: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S. Code § 3142(g).

When the government claims that a defendant must be detained as a flight risk it bears the burden of proving by a preponderance of the evidence that no conditions will reasonably assure his appearance in court. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986). The mere opportunity to flee is not enough to justify detention. *United States v. Himler*, 797 F.2d 156 (3d

6

Cir. 1986); *Chen*, 820 F.Supp. at 1208. "Section 3142 does not seek ironclad guarantees, and the requirement that the conditions of release 'reasonably assure' a defendant's appearance cannot be read to require guarantees against flight." Id. (citing *Portes*, 786 F.2d at 764 n. 7); *United States v. Hammond*, 204 F.Supp. 2d 1157, 1166 (E.D. Wis. 2002). Indeed, a number of courts have noted that they "require more than evidence of the commission of a serious crime and the fact of a potentially long sentence to support a finding of risk of flight." *United States v. Friedman*, 837 F.2d 48, 50 (2d Cir. 1988); *United States v. Carter*, 996 F.Supp. 260 (W.D. NY 1998). The standard is thus "reasonable assurance;" the court cannot order the detention because there are no conditions which would guarantee appearance.

## Specific Release Plan

The parties jointly agree to the Court setting a personal $10,000 unsecured bond, in accordance with the Court's standard bond conditions and the following additional provisions.

**First**, before a $10,000 unsecured bond is issued, defense counsel will provide Pretrial Services with the location where Hasanzadeh will reside and the names and phone numbers of all current adult occupants of the location. Pretrial Services will, thereafter, verify with those adult occupants

that Hasanzadeh has permission to live at the residence and that the residence is a suitable bond location. Pretrial services shall report its findings to the parties and the Court before any bond is issued.

**Second**, Defendant Hasanzadeh agrees to the Eastern District of Michigan's standard bond conditions (1-5 below) and the following additional conditions of release. Defendant Hasanzadeh must:

(1) not violate federal, state or local law while on release;

(2) cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a;

(3) advise the court or the Pretrial Services office or supervising officer in writing before making any change of residence or telephone number;

(4) appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose;

(5) sign an Appearance Bond, if ordered;

(6) reside at the address provided to Pretrial Services (discussed above) and do not move without permission;

(7) report, as directed, to Pretrial Services;

(8) actively seek employment;

(9) not obtain a passport or other international travel documents;

(10) restrict his travel to the Eastern District of Michigan unless the defendant receives advance approval from the Pretrial Services office, his supervising officer, or the court;

(11) not possess a firearm, destructive device, or other weapon;

(12) avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including but not limited to all current and former employees of Company A (known to the defendant) as well as the business location of Company A;

(13) avoid all contact, directly or indirectly, with the law enforcement agents investigating this case (list will be provided to defense counsel and Pretrial Services), except for court appearances/hearings and/or as otherwise negotiated between counsel;

(14) submit to a mental health evaluation as directed by Pretrial Services;

(15) submit to mental health counseling and treatment as directed by Pretrial Services and take all prescribed medication as directed by his treating physician(s);

(16) participate in the following location restriction program and comply with requirements as directed—Curfew, Defendant is restricted to his residence as directed by Pretrial Services;

(17) submit to GPS location monitoring as selected and directed by Pretrial Services and comply with all of the program requirements and instructions provided; and

(18) if not performed before release, within one (1) business day of release, report to pretrial services for placement of an electronic GPS monitor pursuant to paragraph (17) and to sign and acknowledge the bond papers and advice of penalties and sanctions that will occur if any of the foregoing bond conditions are violated.

**Third**, Defendant Hasanzadeh shall be subjected to a 14-day quarantine before release.

## Conclusion

For the reasons he offers here, as well as those that are part of the record established before Magistrate Judge Elizabeth Stafford, Mr. Hasanzadeh respectfully requests that this Court review the November 8, 2019 detention order, and order that Mr. Hasanzadeh be released on a $10,000 unsecured bond along with the Court's standard bond conditions as

well as the specific provisions outlined in the above release plan.

Dated: January 7, 2021.

                                            Respectfully submitted,

                                            AMIN HASANZADEH, *Defendant*

                                            /s/ John H. Bradley
                                            John H. Bradley
                                            STRANG BRADLEY, LLC
                                            33 E. Main St., Ste. 400
                                            Madison, WI 53703
                                            (608) 535-1550
                                            John@StrangBradley.com