UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-cr-20594 |
| Plaintiff, | Hon. Denise Page Hood |
| v. | |
| AMIN HASANZADEH, | |
| Defendant. | |

_____/

### GOVERNMENT'S REPLY IN SUPORT OF ITS MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S FISA-RELATED MOTION [D/E 84]

Defendant's opposition to the Government's Motion for an Extension of Time to Respond to Defendant's FISA-Related Motion, ECF No. 85, PageID.836, fundamentally misunderstands how the Foreign Intelligence Surveillance Act ("FISA") works. Defendant essentially blames the Government for not beginning to prepare a response to a motion he had not yet filed. As described in the government's motion, as well as in its response to Defendant's Motion to Compel Discovery and Extent Motion Cut-Off, ECF No. 72, PageID.578-86, once a Defendant moves for disclosure of FISA materials under the appropriate provisions of FISA, *see* 50 U.S.C. §§ 1806 and 1825, specific statutorily-mandated steps *must* be followed. Those steps take substantial time to perform, and involve preparing numerous classified and unclassified documents from different components within the Department of Justice and the Federal Bureau of Investigation, including

1

declarations from high-ranking U.S. government officials such as the Attorney General of the United States.[1]

The Government does not initiate this process under FISA unless an "aggrieved person"—*i.e.*, the person who was the target of, or subject to, the surveillance or search—moves for discovery or suppression of the FISA material. Once an aggrieved person files such a motion, under FISA, the Government has the right to file an affidavit by the Attorney General "declaring that disclosure of the evidence or an adversarial hearing on the motion would harm the national security of the United States." *United States v. Daher*, No. 18-20559, 2020 WL 7664789, at *2 (E.D. Mich. Dec. 24, 2020). Once that affidavit is filed, "the district court 'must review in camera and ex parte the application, order, and such other materials relating to the surveillance [or physical search] as may be necessary to determine whether the surveillance [or physical search] of the aggrieved person was lawfully authorized and conducted.'" *Id.* (quoting 50 U.S.C. §§ 1806(f) & 1825(g)); *see also United States v. Mohammad*, 339 F. Supp.3d 724, 735 (N.D. Ohio 2018). Here, the Government is following this process.

Defendant argues that the Government's October 5, 2021 filing that notified the parties that it intended to use FISA materials in this case triggered the

---

[1] "Attorney General" is defined as "the Attorney General of the United States (or Acting Attorney General), the Deputy Attorney General, or, upon the designation of the Attorney General, the Assistant Attorney General . . . for National Security." 50 U.S.C. § 1801(g).

Government's obligation to defend the FISA application(s) in court. ECF. No. 85, PageID.836-37. That is nonsensical. FISA notice is merely intended to inform a defendant that material obtained or derived from FISA authorities will be part of the Government's case, so that a defendant can, if he or she wishes, challenge the legality of how that material was obtained. By its nature, the FISA process is classified, so the notice provision of FISA is meant to give a defendant the information necessary to decide whether to challenge the legal sufficiency of any FISA-obtained or derived material. It does not, as Defendant incorrectly implies, trigger the process for a court's review of the legal sufficiency of the underlying FISA surveillance or search. Indeed, it would be ludicrous for the Government to ask the Attorney General of the United States and a high-ranking FBI official to prepare declarations and analyze confidential national security filings before a defendant files a motion that he or she may never file in the first instance. Defendant sat on his hands and waited months to file a proper motion under FISA; that was the Defendant's decision, not the Government's.

Defendant also argues that his January 18, 2022 Motion to Compel Discovery and Extend Motion Cut-Off should be treated as a motion to request disclosure and suppression of FISA materials. ECF No. 85, PageID.837. But as described in the Government's response to that motion, Defendant failed to research, investigate, and follow the statutorily-mandated steps under FISA. *See* ECF No. 72, PageID.579-80. Thus, Defendant's Motion to Compel Discovery and

Extend Motion Cut-Off did not initiate the FISA review process. Defendant acknowledged this at the February 24, 2022 hearing when the Government argued that Defendant's subsequent Motion to Disclose and Suppress FISA Materials, ECF No. 80, PageID.803, mooted the related discovery requests in Defendant's Motion to Compel Discovery and Extend Motion Cut-Off, ECF No. 85, PageID.837.

    In conclusion, Defendant filed his Motion to Disclose and Suppress FISA Materials on February 11, 2022. ECF No. 80, PageID.803. The Government has requested 75 days (until April 27, 2022) to respond. ECF No. 84, PageID.827-28. Such extensions are routinely granted in this district and across the Circuit. *See, e.g.*, *Daher*, ECF No. 29, PageID.117 (E.D. Mich. Feb. 14, 2019) (order granting 90-day extension to file Government's response); *United States v. Mohammad*, No. 15-00358 (N.D. Ohio) (84 days to respond); *United States v. Amawi*, No. 06-00719 (N.D. Ohio) (77 days to respond); *United States v. Alwan*, No. 11-00013 (W.D. Ky.) (110 days to respond). Accordingly, the Court should grant the Government's motion for an extension of time to allow it to prepare the necessary documents for the Court's *in camera* and *ex parte* review of the FISA-related material.

                                        Respectfully submitted,

                                        Dawn N. Ison
                                        United States Attorney

                                        s/ *Douglas C. Salzenstein*
                                        Douglas C. Salzenstein

Assistant U.S. Attorney
211 W. Fort St.
Detroit, MI 48226
doug.salzenstein@usdoj.gov

s/ *Adam P. Barry*
Adam P. Barry
Trial Attorney
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
adam.barry@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2022, I filed the foregoing Motion using the Court's CM/ECF system, which will send notice to all registered parties.

s/ *Douglas C. Salzenstein*
Assistant U.S. Attorney
