UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 20-cr-20594
Hon. Denise Page Hood

v.

AMIN HASANZADEH,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY [D/E 87]**

On March 4, 2022, Defendant filed a Notice of Supplemental Authority in which he claims that the Supreme Court's recent decision in *FBI v. Fazaga*, -- S.Ct. --, 2022 WL 626693 (2022) supported the Defendant's argument that, in this case, 50 U.S.C. § 1806(f)'s procedures were triggered by the Government's FISA notice, ECF No. 49, PageID.194, rather than Defendant's motion to disclose and suppress FISA materials, ECF No. 80, PageID.803. But, *Fazaga*, by its express terms, made no such finding or holding. The exact opposite is true.

The *Fazaga* decision made crystal clear that the Court was not addressing the parties' competing views concerning when § 1806(f) is triggered—specifically whether § 1806(f) is triggered when the defendant—like Hasanzadeh here—challenges the legality of the FISA evidence through a motion. *Id.* at *6. The Court explained:

> Much of the parties' arguments in this Court concerns the correct interpretation of § 1806(f). The Government contends that the Ninth Circuit erred because 1806(f) is 'relevant only

1

> when a litigant challenges the admissibility of the Government's surveillance evidence.' But respondent interprets that provision more broadly.

*Id.* (internal citation omitted). After laying out the parties' positions, the Court stated:

> We need not resolve this dispute about the meaning of § 1806(f) because we reverse the Ninth Circuit on an alternative ground—namely, that even as interpreted by respondents, § 1806(f) does not displace the state secrets privilege."

*Id.* at *7. And, at the conclusion of its decision, the Court "reiterate[d] that today's decision addresses only the narrow question whether § 1806(f) displaces the state secrets privilege. Because we conclude that § 1806(f) does not have that effect under either party's interpretation of the statute, we do not decide which interpretation is correct."[1] *Id.* at *9.

Accordingly, *Fazaga* changes nothing with respect to the Government's request for an extension of time to respond to Defendant's motion to disclose and suppress FISA materials. Indeed, as the Government has explained, courts in this circuit routinely grant similar (or generally longer) extensions from the time a defendant files his motion challenging the legality of the FISA search, surveillance and evidence. ECF No. 86, PageID.842. The reason is obvious. It defies logic that the Government would be required to have the Attorney General of the United States[2] and a high-

---

[1] In fact, while the Court did not resolve the competing interpretations, it strongly hinted that the Government's interpretation was correct, explaining that in most cases—just like this case—§ 1806(f) is more likely to be invoked in cases in which "an aggrieved party takes the lead," *i.e.*, when "an aggrieved party, rather than the Government, triggers § 1806(f)." *Id.* at *7.

[2] As defined in FISA, "Attorney General" means the Attorney General of the United States (or Acting Attorney General), the Deputy Attorney General, or, upon designation of the Attorney

2

ranking FBI official prepare declarations and analyze confidential national security filings before the defendant even decides whether he will, or will not, challenge the legality of the FISA evidence or seek other FISA related disclosures, *i.e.*, before a dispute over the evidence even exists. In the end, *Fazaga* did not, as Defendant suggests, change anything with respect to the interpretation of § 1806(f). The Government has been working diligently to follow the specific, statutorily-mandated sequential steps since the Defendant filed his motion and is asking for an extension that is shorter than most extensions granted in other courts. The Government, therefore, respectfully requests that its motion for extension of time (ECF No. 84, PageID.827) be granted.

                                                Respectfully submitted,

                                                Dawn N. Ison
United States Attorney

s/ *Douglas C. Salzenstein*
Douglas C. Salzenstein
Assistant U.S. Attorney
211 W. Fort St.
Detroit, MI 48226
doug.salzenstein@usdoj.gov

s/ *Adam P. Barry*
Adam P. Barry
Trial Attorney
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
adam.barry@usdoj.gov

---

General, the Assistant Attorney General for National Security. *See* 50 U.S.C. §§ 1801(g), 1821(1). Such designation was made by then-Attorney General Eric H. Holder, Jr., on April 24, 2009.

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2022, I filed the foregoing pleading using the Court's CM/ECF system, which will send notice to all registered parties.

s/ *Douglas C. Salzenstein*
Assistant U.S. Attorney