UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 20-cr-20594
Hon. Denise Page Hood

v.

AMIN HASANZADEH,

        Defendant.

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS INDICTMENT [D/E 96]

On September 16, 2022, Defendant filed a Supplemental Brief in support of its previously filed Motion to Dismiss Indictment. ECF No. 96, PageID.947. Defendant argues that the speedy trial clock has now run because 30-days have elapsed since the Court took *Defendant's* five pending motions "under-advisement." *Id*. PageID.949.

The Defendant is wrong. Strangely, Defendant's supplemental brief completely ignores the fact that two other motions—two classified motions filed by the United States to issue a protective order to delete classified information from discovery pursuant to the Classified Information Procedures Act (CIPA) and Federal Rule of Criminal Procedure 16(d)(1)—have never been taken "under-advisement." As a result, the time period attributable to those motions is currently excludable under Sixth Circuit precedent (as outlined below). Defendant also

1

ignores the fact that courts can extend (and routinely do extend) the 30-day period if the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Indeed, during the parties' recent status conferences, the Court specifically explained to the Defendant—after Defendant raised his desire for a speedy trial—that the government's classified motions are complex and require a review of classified information with appropriate security procedures, necessitating additional time and analysis.

To be clear, the Supreme Court and the Sixth Circuit have set forth a well-established framework for determining excludable time under 18 U.S.C. §§ 3161(h)(1)(D), (h)(1)(H)) and (h)(7)(A). *Henderson v. United States*, 476 U.S. 321 (1986); *United States v. Mentz*, 840 F.2d 315, 326-27 (6th Cir. 1988); *United States v. Moss*, 211 F.3d 1271, at *6 (6th Cir. Apr. 26, 2000) (unpublished opinion summarizing *Mentz* and *Henderson*).

*First*, a district court must determine if the pretrial motion requires a hearing. If a hearing is required, the entire time period from the filing of the motion to the conclusion of the hearing (and any requested supplemental briefing) is excluded. *Moss*, 211 F.3d at *6; *Mentz*, 840 F.2d at 326. If, on the other hand, a hearing is not required, the time period from the filing of the motion until the court receives the last expected pleading on the motion is excluded. *Moss*, 211 F.3d at *6; *Mentz*, 840 F.2d at 327 & n.23.

*Second*, in either case, § 3161(h)(1)(H) provides for up to an additional 30-days of excludable time from the time period that the motion is taken under-advisement (as just discussed). *Moss*, 211 F.3d at *6; *Mentz*, 840 F.2d at 326 and 327.

*Third*, in either case, further periods of delay may be excluded under § 3161(h)(7)(A) when the court finds that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Moss*, 211 F.3d at *6; *Mentz*, 840 F.2d at 326 n.22 (explaining that for difficult motions, that require more than 30-days for disposition, additional time can and should be excluded).

Here, the government filed two classified motions seeking a protective order to delete certain classified information from discovery. ECF No. 60, PageID.330; ECF No. 90, PageID.870. These two motions remain pending and, because of the sheer volume of classified material that the Court must examine (in a classified setting) related to those motions and Defendant's Motion to Disclose and Suppress FISA Materials, ECF No. 80, PageID.803, the Court has informed the parties (multiple times, including in direct response to Mr. Hasanzadeh's stated desire for a speedy trial) that the Court needs more time to review, examine, and analyze the documents and the legal issues involved.

Accordingly, under the *Mentz/Henderson* framework, if, after reviewing the classified material, the Court determines that a hearing is necessary—*ex parte* or

3

otherwise—the entire time period from the filing of the motion to the conclusion of the hearing (and any requested supplemental briefing) will be excluded. If, on the other hand, the Court determines that a hearing is not necessary, then the entire time period from the filing of the motion to the time the Court received the last expected pleading would be excluded. And, importantly, in such a situation, the Court could simply find that the additional period, beyond the 30-days set forth in § 3161(h)(1)(H), is excluded under the ends-of-justice prong of the Speedy Trial Act. The Court, in fact, has effectively already done so during the parties' status conferences, and courts in this circuit have regularly made such ends-of-justice findings in similar circumstances—*i.e.*, when ruling on a pending motion in which the court was tasked with examining a significant amount of material and addressing legal issues, like the CIPA issue, that are not frequently raised in federal court. *See, e.g.*, *United States v. Kaechele*, 466 F. Supp. 2d 868, 899 n.16 (E.D. Mich. 2006); *United States v. Dirr*, 2009 WL 5892996, at *7 n.1 (E.D. Tenn. Aug. 28, 2009); *United States v. Chen*, 2008 WL 659889, at *9 n.11 (E.D. Mich. Mar. 10, 2008).[1]

---

[1] Moreover, while the Court did indicate, in a docket entry, that it took Mr. Hasanzadeh's separately filed motion for disclosure and suppression of FISA material under advisement, *see* D/E dated July 6, 2022, it is the government's understanding that the Court is still reviewing the classified FISA filings, in addition to the classified CIPA filings, and, accordingly, the same logic would apply to the FISA motion as well.

The Court should, therefore, deny Defendant's Motion to Dismiss the Indictment for these reasons, and the reasons stated in the Government's original response. ECF No. 58, PageID.301.

                                                  Respectfully submitted,

                                                  Dawn N. Ison
                                                  United States Attorney

                                                  *s/ Douglas C. Salzenstein*
                                                  Douglas C. Salzenstein
                                                  Assistant U.S. Attorney
                                                  211 W. Fort St.
                                                  Detroit, MI 48226
                                                  doug.salzenstein@usdoj.gov

                                                  *s/ Adam P. Barry*
                                                  Adam P. Barry
                                                  Trial Attorney
                                                  U.S. Department of Justice
                                                  950 Pennsylvania Avenue, NW
                                                  Washington, DC 20530
                                                  adam.barry@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2022, I filed the foregoing pleading using the Court's CM/ECF system, which will send notice to all registered parties.

s/ *Douglas C. Salzenstein*
Assistant U.S. Attorney
