UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                Case No. 20-20594

v.

                                Hon. Denise Page Hood

AMIN HASANZADEH,

        Defendant.

_____/

## ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS INDICTMENT WITHOUT PREJUDICE (No. 107)

This matter is before the Court on the Government's Motion to Dismiss the Indictment Without Prejudice. Defendant Amin Hasanzadeh concurs with the motion, except argues that the dismissal should be with prejudice.

A complaint was filed against Defendant Amin Hasanzadeh on October 31, 2019 alleging interstate transportation of stolen property; fraud and misuse of visas, permits and other documents. (ECF No. 1) Hasanzadeh was arrested and made his initial appearance on November 6, 2019.

On December 16, 2020, an Indictment was filed charging Hasanzadeh eight counts: Conspiracy to Unlawfully Export

Technology to Iran and to Defraud the United States, 50 U.S.C. § 1705 and 31 C.F.R. Parts 560.203, 560.204 and 560.418 (Count 1) and Unlawful Export of Technology to Iran, 50 U.S.C. § 1705 and 31 C.F.R. Parts 560.203, 560.204 and 560.418 (Counts 2-8).

On September 14, 2023, the President of the United States, Joseph R. Biden, Jr., signed an Executive Grant of Clemency granting Hasanzadeh "A Full Pardon" for the offenses related to the Indictment before the Court. (ECF No. 107, PageID.1134) The Pardon sets out four conditions:

> (1) Hasanzadeh shall not commit any additional crime against the United States or in violation of the laws of the United States subsequent to the acceptance of this Pardon;
> (2) Hasanzadeh shall waive and release any all claims, demands, rights, and causes of action of whatsoever kind and nature against the United States of America, its agents, servants, and employees;
> (3) Hasanzadeh shall waive any and all claims to funds already seized as part of the prosecution of offenses subject to the Pardon; and
> (4) Hasanzadeh shall not accept or otherwise receive any financial benefit directly or indirectly, in any manner or amount, from any book, movie, or other publication or production, in any form or media, about his situation ...

*Id.*   If Hasanzadeh violates any of the terms set forth above, the Pardon may be voided in its entirety at the President's discretion.

2

The Pardon becomes effective upon the delivery and presentment of a certified copy of the document to Hasanzadeh.  *Id*.

Hasanzadeh responds that he did not need to accept *"the conditions of the pardon"* to be effective.  The Government replied that this was based on an incorrect premise.  Instead, the Government indicated in a phone call to Hasanzadeh that he did not need to sign the *"acknowledgment of receipt of the pardon"* that was attached to the email in order for the pardon to be effective.  Defense counsel thereafter confirmed Hasanzadeh's electronic receipt of the documents.  (ECF No. 109, PageID.1146)

After reviewing the Pardon and the conditions set forth in the Pardon, the Court finds that the plain language in the Pardon provides that the Pardon becomes effective upon "the delivery and presentment of a certified copy" of the document to Hasanzadeh. *Id.* The Court finds that the Pardon is now effective in light of defense counsel's confirmed receipt of the documents. However, contrary to Hasanzadeh's response, the Court finds Hasanzadeh must follow the four conditions set forth in the Pardon.  If he fails to do so, the Pardon expressly provides that it may be voided at the discretion of the President.

In light of the Full Pardon issued by the President, and the Grant having been delivered and presented to Hasanzadeh, the Court dismisses the Indictment without prejudice. There are no longer any justiciable issues for this Court to decide at this time and the Court declines to issue any advisory opinions. If the Full Pardon is voided in the future and the Indictment is reinstated, the Court will address all unresolved matters pending prior to the issuance of the Full Pardon.

Accordingly,

IT IS ORDERED that the Government's Motion to Dismiss Indictment Without Prejudice **(ECF No. 107)** is **GRANTED**.

IT IS FURTHER ORDERED that the following motions are **MOOT** at this time and may be reopened if the Indictment is reinstated in the future: 1) Motion to Dismiss for Violation of Speedy Trial Right **(ECF No. 56)**; 2) Motion to Suppress Defendant's Statements **(ECF No. 61)**; 3) Sealed Motion **(ECF No. 63)**; 4) Motion to Compel Discovery and Extend Motion Cut-off **(ECF No. 64)**; and 5) Motion for Disclosure of Suppression of FISA Materials **(ECF No. 80)**.

5

IT IS FURTHER ORDERED that this Indictment is **DISMISSED Without Prejudice** and this criminal matter is designated as **CLOSED** on the Court's docket.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 25, 2023

5