# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                        Case No. 20-20594

v.                                                          Hon. Denise Page Hood

AMIN HASANZADEH,

    Defendant.

_____/

## ORDER DENYING REQUEST TO SEAL CASE (ECF No. 111)

This matter is before the Court on Defendant Amin Hasanzadeh's request to seal his case because he is unable to obtain employment. An eight count Indictment charged Hasanzadeh under the International Emergency Economic Powers Act and the Iranian Transactions and Sanctions Regulations. (ECF No. 21) An Order Granting the Government's Motion to Dismiss Indictment Without Prejudice due to an Executive Grant of Clemency was entered on September 25, 2023. (ECF No. 110)

"The public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). *See, Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17 (1980) (Historically, both civil and criminal trials have been

presumptively open.). The burden of overcoming that presumption is borne by the party that seeks to seal them. *Shane*, 825 F.3d at 305. The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Hasanzadeh's request to seal documents in his case is denied in that he has not met his heavy burden as to why these documents should be sealed. It is noted that sealing documents on a court case does not necessarily remove the underlying information of Hasanzadeh's criminal case as part of a background case since such information may be available through other law enforcement databases and commercial credit reports.

Although Hasanzadeh only sought to seal his case, it may be that he is also seeking expungement of his criminal record. The Sixth Circuit, in affirming the district court's denial of the expungement of a defendant's criminal records, stated that federal courts have "inherent equitable powers ... to order the expungement of a [criminal] record in an appropriate case." *See United States v. Doe,* 556 F.2d 391, 392, 393 (6h Cir. 1977). Since *Doe,* the Sixth Circuit has ruled that a district court's *ancillary* jurisdiction to expunge records of unlawful convictions or arrests is limited. *United States v. Field,* 756 F.3d 911, 915 (6th Cir. 2014). Where there is no statutorily-grounded permission to expunge, a federal court may assert ancillary jurisdiction to expunge criminal records. *Id*. (citing, *United States v.*

2

*Carey,* 602 F.3d 738, 740 (6th Cir. 2010) ("An order on a motion to expunge a conviction is within the equitable jurisdiction of the federal district court.")) However, the ambit of ancillary jurisdiction to hear motions to expunge is limited. *Id.* Federal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations, such as motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities. *Id.* (citing, *United States v. Lucido,* 612 F.3d 871, 874 (6th Cir. 2010)). Ancillary jurisdiction over such motions does not enable a court "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* (quoting, *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 380 (1994)). Courts have not granted expungement based on the inability to obtain employment even though a defendant has attained many accomplishments since conviction and has lived a law-abiding life. *See United States v. Saah,* 2007 WL 734984 (E.D. Mich. Mar. 8, 2007); *United States v. Ursery,* 2007 WL 1975038 (E.D. Mich. Jul. 2, 2007); *United States v. Lind,* 2006 WL 2087726 (E.D. Mich. Jul. 25, 2006).

      For the reasons set forth above,

IT IS ORDERED that Defendant Amin Hasanzadeh's Request to Seal his Criminal Case or Otherwise Expunge his Criminal Case **(ECF No. 111)** is DENIED.

DATED: April 4, 2025

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge